Dear Ms. Wells:
You advise this office that state law establishes an assessors' professional certification program, which stated goal is "to formalize and recognize the professional standards of assessors engaged in the assessment of property for our state". See R.S. 47:1907(C). Upon completion of this educational program, and approval by the governing certification committee, an assessor is entitled to a seven-percent increase in compensation to his annual salary.
In answer to your specific question, this increase is calculated upon his entire annual salary at the time of his certification, without regard to the actual month in which he received "certified Louisiana assessor" status. The applicable law provides, in R.S. 47:1907(H)(1) and (2):
 H. (1) Notwithstanding any other provisions of law to the contrary, after documents showing the successful completion of the program, resulting in certification as a certified Louisiana assessor (CLA), have been submitted to and approved by the certification committee and said approval documented to the legislative auditor, the assessor shall be recognized through the implementation of a one-time increase in compensation paying additional compensation equal to seven percent of the assessor's annual salary as set forth in Subsection A of this Section.
 (2) Any assessor who has completed the educational and experience requirements as provided in Subsection F of this Section, and the documents showing the successful completion of the program have been submitted to and approved by the certification committee and said approval documented to the legislative auditor, shall be granted the seven-percent increase in compensation to his annual salary as set forth in Subsection A of this Section. Assessors shall complete the requirements of Subsection G of this Section, within five years and every five years thereafter in order to retain the seven-percent compensation enhancement, notwithstanding any other provisions of law to the contrary.
Our conclusion is consistent with the conclusions of the author of Attorney General Opinion 92-595(A). A copy of this opinion is attached for your further review.
We note that the law provides the increase in compensation is lost if an assessor does not receive recertification within five years. See R.S.47:1907(G)(2) and R.S. 47:1907(H)(3)[1]. However, this portion of the statute may be considered constitutionally infirm. LSA-Const. Art. 10, Section 23 (1974) states "the compensation of an elected public official shall not be reduced during the term for which he is elected."
We hope the foregoing is helpful to you. Should you have other questions in which we may provide assistance, please contact this office.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: ___________________________ KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
KLK:ams
[1] R.S. 47:1907(G)(2) provides:
(2) Recertification requirements shall be met prior to December thirty-first of the fifth year. If these requirements are not met, the designee will lose certification and certification compensation until recertification requirements are met. After using a specific course toward recertification, the designee shall not be permitted to use the same course again toward recertification for one five-year period. Hours shall not be carried forward from one five-year period to another. If the designee teaches courses for the International Association of Assessing Officers or the Appraisal Institute, the designee shall receive credit for those hours.
R.S. 47:1907(H)(3) provides:
(3) If an assessor does not complete the certification program as provided for in this Section or if after certification an assessor does not receive recertification within each five year period, his salary shall revert back to the salary scale provided for in Subsection A of this Section.
OPINION NUMBER 92-595(A)
July 28, 1997
4 ASSESSORS
R.S. 47:1907; Act 1435 of 1997
Salary increases provided by Act 823 of 1992 and Senate Bill No. 1435 of 1997 provide for "annual compensation", meaning salary increases from January 1st through the end of the calendar year, which should not be prorated from the effective date of either act, but should be given "as a full, entire `annual compensation'."
Mr. Michael "Mike" Wooden 100 E. Madison, Courthouse Plaza Bastrop, Louisiana 71220
Dr. Mr. Wooden:
In light of Senate Bill No. 1435 of the 1997 Regular Session ("Bill 1435"), which amends and re-enacts R.S. 47:1907 and which provides for a pay raise for the various assessors of this state, you have asked this office to reconsider the opinion we expressed in Atty. Gen. Op. No. 92-595. You have advised that the various assessors are of the opinion that the salary increase provided by Bill 1435, which states that the assessors "shall receive an annual compensation, to be paid monthly on their own warrant" is intended to be for the entire 1997 calendar year and not just from the effective date of the Act which Bill 1435 will become upon adoption.
Atty. Gen. Op. 92-595 provided that the 1992 pay increase granted assessors in accordance with Act 823 of the 1992 Regular Session ("Act 823") was effective only as of August 21, 1992 (the day Act 823 became effective) as opposed to being to being effective for the entire calendar year commencing January 1, 1992. As you have pointed out however, that opinion is in direct conflict with Atty. Gen. Op. 78-889 and other opinions previously issued by this office.
Please be advised that upon reconsideration, and for the same reasons expressed in a consistent line of Attorney General's opinions, it is the opinion of this office that both Act 823 and Bill 1435 provide for "annual compensation", meaning salary increases from January 1st through the end of the calendar year, which should not be prorated from the effective date of either act, but should be given "as a full, entire `annual compensation'." Atty. Gen. Op. No. 78-889 (citing Opinion dated July 24, 1969, to Mr. Wallace A. Hunter, Attorney for the Louisiana Sheriff's Association; and Opinion dated July 24, 1969, to Honorable J. J. Smith, President of the Louisiana Clerks' Association). See also: Atty. Gen. Op. No. 76-1225 to Mr. Robert E. Harroun, III of the Legislative Auditor's Office.
Our opinion herein is also based upon your advice that in spite of Atty. Gen. Op. No. 92-595, the various assessors retroactively received the salary increase provided by Act 832 for the entire 1992 calendar year, just as they have retroactively received each and every increase granted by the legislature since an increase granted by Act 97 of 1944 (see: Op. Atty. Gen. 1944-46, p. 21). The legislature has not seen fit to alter the conclusion that assessors' salary increases are to be paid retroactively for the entire calendar year, and therefore, we must conclude that the legislature had the intent of allowing the previous interpretation to continue. Our opinion herein is therefore not only based upon the previous opinions cited herein, but also upon the time-honored practice which has been allowed by the legislature to continue and the doctrine of contemporaneous construction.
We note that Atty. Gen. Op. No. 92-595 was prompted by a request from the Legislative Auditor's Office regarding whether the salary increase provided by Act 823 would inure to the benefit of an assessor who was no longer in office as of the effective date of Act 823, but had been in office on January 1 of 1992, the year in which Act 823 was enacted. It remains the opinion of this office that the salary increase provided by Act 823 was not intended to apply to assessors who had left office prior to August 21, 1992, the effective date of Act 823.
We must caution you that at the time of this writing, Bill 1435 has been signed by the Governor, but will not become effective until August 15, 1997. The salary increase provided for the assessors in Bill 1435, albeit retroactive to January 1, 1997, is not payable until Bill 1435 becomes effective.
We trust the foregoing to be of assistance. Should you have any questions concerning this matter, please do not hesitate to contact us.
Yours very truly,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: ________________________________ JEANNE-MARIE ZERINGUE BARHAM Assistant Attorney General
RPI:JMZB:jv
cc: Mr. Irby S. Gamble Mr. Richard "Tootie" Karam